**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4715

RODNEY MICHAEL PORTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-99-26)

Submitted: March 31, 2000

Decided: May 2, 2000

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry T. Hughes, Palmyra, Virginia, for Appellant. Helen Fahey,
United States Attorney, Sara E. Flannery, Special Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney M. Porter was convicted on multiple counts for possessing with intent to distribute tylox, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1994), and acquiring a controlled substance by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of 21 U.S.C. § 843(a)(3) (1994). On appeal, Porter maintains that the district court erred in denying his motion for judgment of acquittal on the ground that there was insufficient evidence to prove tylox was a controlled substance without the testimony of Johnny St. Valentine Brown. We affirm.

This Court reviews the denial of a motion for acquittal under a sufficiency of evidence standard. See Fed. R. Crim. P. 29; Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3525 (U.S. Feb. 22, 1999) (No. 98-852). At Porter's trial, the Government called Johnny St. Valentine Brown as an expert witness to testify regarding the physical effects of tylox on a person abusing the drug. Brown also testified that tylox was a controlled substance. After the trial and before sentencing, the Government disclosed that Brown was not a pharmacist as he testified, and therefore, was unqualified to render an expert opinion at Porter's trial regarding tylox. Porter subsequently moved for judgment of acquittal, alleging that, absent Brown's testimony, the Government failed to establish that tylox is a controlled substance. The district court denied the motion, finding that, excluding Brown's testimony, sufficient evidence was introduced verifying that tylox is a controlled substance. We have conducted a de novo review, see Romer , 148 F.3d at 364, and agree with the district court's finding.

Tylox is the trade name for oxycodone hydrochloride compounded with acetaminophen, a painkiller with morphine-like properties. See United States v. Floresca, 38 F.3d 706, 708 (4th Cir. 1994). This Court has found tylox to be a Schedule II controlled substance. See United States v. Tanner, 61 F.3d 231, 237 (4th Cir. 1995). Furthermore, this Court has held that "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert

2

chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction." United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976); see United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992); United States v. Scott, 725 F.2d 43, 45-46 (4th Cir. 1984). Such circumstantial proof may include evidence of the physical appearance of the substance, evidence that the substance produced the expected effects when used by someone familiar with the illegal drug, evidence that the substance was used in the same manner as the illegal drug, and evidence that the substance was called by the name of the illegal drug by the defendant or others in his presence. See Dolan, 544 F.2d at 1221. Although there was no expert chemical analysis of the substance in question, we find sufficient evidence to support the conclusion that Porter possessed with the intent to distribute tylox.

Accordingly, we affirm Porter's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

3